IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff-Respondent, § | |
| § | |
| § | |
| v. § | CIVIL ACTION NO. H-04-2982 |
| § | CRIMINAL ACTION NO. H-95-235-02 |
| § | |
| HOWARD E. THOMAS, § | |
| Federal Prisoner # 70089-079, § | |
| § | |
| Defendant-Petitioner. § | |

## MEMORANDUM OPINION AND ORDER

Defendant-Petitioner Howard E. Thomas has filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. The United States of America, Plaintiff-Respondent, has filed a motion to dismiss Thomas's challenge as untimely. The court will **GRANT** the Respondent's motion and **DISMISS** this action for the reasons stated below.

### I. Procedural History

After entering a plea of guilty, Thomas was convicted in this court of bank robbery and use of a firearm during a crime of violence. He was then sentenced to 188 months imprisonment for the robbery conviction, followed by five years of supervised release. The robbery sentence was to be served consecutive with a 120 month sentence for the firearm conviction. There was also a three year term of supervised release for the second count which would be served concurrently with the five year term. In addition, Thomas was ordered to pay a $ 100 special assessment, a $ 10,000 fine, and $ 5403.51 in restitution. Thomas appealed; the United States Court of Appeals for the Fifth Circuit affirmed the conviction. *United States v. Thomas,* No. 96-20662 (May 12, 1997). No further

action was taken in this case until Thomas filed the pending motion on July 23, 2004, the date on his certificate of service. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

Thomas contends that he was denied due process and the right to trial by jury under the Sixth Amendment. *See* Docket Entry No. 1, at 9, *citing Blakely v. Washington*, 124 S.Ct. 2531 (2004); *Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000). Thomas further contends that his motion is timely. *Id*. *citing United States v. Lopez*, 248 F.3d 427 (5th Cir. 2001).

## II. Analysis

A motion filed under section 2255 must be filed within one year of the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255

The Respondent argues that the Supreme Court has not made *Blakely*, *Apprendi*, or *United States v. Booker*, 125 S.Ct. 738 (2005), retroactive to collateral attacks. This is because *Apprendi* is a procedural rule which does not fall under the narrow exception for "watershed rules" of criminal procedure as set forth in *Teague v. Lane*, 109 S.Ct. 1060 (1989). *See e.g. Sepulveda v United States*, 330 F.3d 55 (1st Cir. 2003). Further, neither *Blakely* and *Booker* apply retroactively to Thomas's collateral challenge. *See Green v. United States*, 397 F.3d 101 (2nd Cir. 2005).

In his reply (Docket Entry No. 138), Thomas contends that the Respondent overlooked the Fifth Circuit's decision in *United States v. Lopez*, 248 F.3d 427 (5th Cir. 2001). Thomas argues his claims under *Aprendi*, *Blakely,* and *Booker* are timely pursuant to *Lopez*. The opinion in *Lopez* concerns the Supreme Court decision in *Richardson v. United States*, 119 S.Ct. 1707 (1999). *Lopez*, at 429. The holding in *Richardson* requires that a jury reach a unanimous decision regarding guilt in a series of criminal acts before convicting a defendant of engaging in a continuing criminal enterprise. *Sepulveda*, 330 F.3d at 63. The requirement of jury unanimity in questions concerning responsibility for criminal transactions as set forth in *Richardson* is distinguishable from the holding in *Apprendi* concerning the adequacy of state procedure. *Id.*; *United States v. Brown*, 305 F.3d 304, 308 (5th Cir. 2002). Consequently, Thomas's reliance on *Lopez* is clearly insupportable. *Sepulveda*, at 63 ("Thus we find the petitioner's comparison of *Apprendi* to *Richardson* to be like comparing a plum to a pomegrante.").

Thomas's references to *Booker* and *Blakely* are also unavailing. Recently, the Fifth Circuit has held that *Booker* is not retroactive to cases on collateral review. *United States v. Edwards*, 442 F.3d 258 (5th Cir. 2006), *citing United States v. Gentry*, 432 F.3d 600 (5th Cir. 2005). *Blakely* claims are also not retroactive. *See In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005) (holding that the Supreme Court has suggested that *Apprendi*, and by extension *Blakely* and *Booker*, are not applied retroactively on collateral review). *See also Never Misses a Shot v. United States*, 413 F.3d 781 (8th Cir. 2005).

Other than his references to *Booker*, *Blakely*, and *Apprendi*, Thomas offers no explanation for the late filing of his motion under 28 U.S.C. § 2255. Therefore, his motion is untimely under the language of § 2255(1). It is apparent from Thomas's pleadings that he has very little

3

comprehension of the legal arguments he has presented.  However, his ignorance of the law will not excuse his untimely petition.  *See Fisher v. Johnson,* 174 F.3d 710, 714  (5th Cir. 1999).  *See also Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (Neither petitioner's unfamiliarity with legal process nor his lack of representation during applicable filing period merits equitable tolling of the Antiterrorism and Effective Death Penalty Act's (AEDPA's) one-year period of limitations on federal habeas petitions, regardless of whether this unfamiliarity is due to illiteracy or any other reason).  Thomas is not entitled to relief.

Therefore, the Respondent's motion will be **GRANTED**, and this action will be **DISMISSED.**

### IV. Certificate of Appealability

Thomas's § 2255 motion is subject to the provisions of 28 U.S.C. § 2253.  Thus, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  For all the reasons set forth above, the court concludes that jurists of reason would not debate whether the movant has stated a valid claim, or whether any procedural ruling in this case was correct.  Accordingly, a certificate of appealability will not issue.

## V. Conclusion and Order

Based on the foregoing, the Court finds that the Defendant-petitioner is not entitled to the relief that he seeks and **ORDERS** as follows:

1. The Plaintiff-respondent's motion (Criminal Docket Entry No. 137) is **GRANTED**.

2. The Defendant-petitioner's § 2255 motion (Criminal Docket Entry No. 132) is **DENIED** and the corresponding civil action (H-04-2982) is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

**SIGNED** on this 30th day of October, 2006.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE